Good morning. John Gard for Petitioner Maria Paernal-Nye. If it would please the Court. As a preliminary matter, we wish to make clear that the application for withholding of removal is being abandoned. As a second preliminary matter, we would note that the first petition for review, which alleged a due process violation for the Board's delayed adjudication of a motion to reopen, has now been mooted by the fact that the Board has considered the motion to reopen, denied it, and that denial has brought the second petition for review, for which we shall proceed. That's really what's at stake here. Yes, Your Honor. Isn't that correct? Yes, Your Honor. Right. And I just wanted to clarify the record at the onset. When I looked at this, it just – the best way for me to look at this large – all these issues was simply to look at the petition to review the denial of the motion to reopen. Because you need to prevail on that. Correct. To have any relief for your client, isn't that correct? Correct, Your Honor. Now, we – And there's some jurisdictional hurdles that you have to get over first. Correct, Your Honor. Even with respect to that motion, the motion to reopen. Well, I sense the Court is alluding to the allegation that the petitioner has – is an aggravator. The heart of our case is that she is not subject to removal on either of these charges. And the failure of prior counsel to put – to sustain or to further this argument on appeal gutted the heart of her claim to replace – Well, the jurisdictional issue really – really – the first one we have to get over is – is that she was removed on the basis of an aggravated felony. And that was one of the grounds that was alleged in the notice. This Court has jurisdiction to determine its jurisdiction. Right, right, right, right. And if she's not an aggravated felon, and if she's not convicted of a crime involving moral turpitude, this Court has been – Ventura, V-I-N-S, would have this Court send the case back down to the Board to reconsider and to reopen – excuse Well, the Board's denial was solely on the grounds that petitioner had failed to comply with matter of Lozada. We are concerned about this because the that counsel had, in fact, contacted prior counsel. But before we get to that issue, I'd like to address to the Court more foundational concerns. First of all, the very heart of petitioner's argument is that she is not removable as charged. And where opportunity was not afforded her to make this argument on appeal, there Prior counsel had initially contested charges. He had then promised to write a brief but did not. And on appeal, he dropped the issue altogether, preserving petitioner's pursuit of more peripheral relief, that of withholding of removal. We would note that this Court has found failure of a – of counsel to advise a pursuant to Antiveros-Lopez, a recent decision by this Court, to contest removal where that individual is charged with alien smuggling does constitute ineffective assistance. So the Board had before it a motion which, on its face, indicated that the heart of the petitioner's claim was never fully and fairly heard. Let me ask you something. I'm just trying to use this as a framework, the analytical framework that one must follow here. I gather what you're saying is that you have to look at this basis for her motion to reopen, is that she was denied effective assistance of counsel. Correct. Which resulted in a denial of due process. Correct. In her hearing. And putting aside the Lozada issues for a minute, let's assume you can get over that, that there was a reasonable – reasonably plausible that had she – that had counsel been effective and challenged the basis for removal, on those two bases, aggravated felon and committing a crime of moral turpitude, there was a reasonable probability that she could have shown, either to the BIA or to – on appeal to this Court, that she was not convicted of an aggravated felon – felony, and that the crime, the State court conviction, did not rise to the level or did not constitute a crime of moral turpitude. Correct. All right. That's the plausible. Now, let me ask you this. If you follow that framework, you answer the jurisdictional – we don't really address the heart of the jurisdictional argument, the aggravated felony, until the end or within the context of evaluating the effective – the denial of effective assistance of counsel. And I'm curious, don't we have to – don't we have to answer first whether we have jurisdiction at all by deciding whether or not she was removed initially on the basis of an aggravated felony? Yes, Your Honor. So we do. And if, in fact – So if we decide that – if we conclude that she was – you know, that under – there doesn't – nobody contends that it was categorically an aggravated felon. So you have to go to the modified categorical approach. And if you go to the modified categorical approach and you conclude that – that it doesn't qualify, that the documents don't show that she was removed or that the crime qualifies as an aggravated felony, then we have jurisdiction. That's correct, Your Honor. And then you can address the ineffective assistance of counsel. Yes, Your Honor. Okay. But – excuse me. So what – let's take up the jurisdictional question first. Which is whether or not she's an aggravated felony. Whether she's an aggravated felony. Now, the government doesn't contend here that this was a categorical – the underlying State court conviction was categorically an – constituted an aggravated felony. No, the government does not contest. In this world of a modified categorical approach, we look to the documents in the record of conviction that are available to us. That's correct. And here we have the charging document, I believe it is, the information, and the judgment of conviction. That's correct. Why isn't that enough to show that she was convicted of a crime of violence or whatever it was? Because the charging document itself is intrinsically contradictory. Because the charging document uses words of both. Words of neglect, words of specific intent, and words of possible recklessness. And because under any statutory penal scheme, the sentence will often – and unless it's a sentence in Hansen's statute – the sentence will fold itself into the substantive charge to produce the conviction. The sentence being a one-year sentence indicated the child did not suffer substantial emotional harm. Or, excuse me, substantial mental harm or substantial physical harm. Had the sentence been a two-year sentence, she would be an aggravated felon. We're looking, even under a modified categorical approach, we're still looking at the nature of the crime. We're not pursuing a factual analysis. So as she's been sentenced to one year rather than two, the child has not suffered substantial mental or physical harm. This is the crux of the argument. The issue being that the words of a statute have to be given full effect. Let me just ask you this. Isn't the response to my inquiry simply that we cannot tell, based on the allegations in the charging document and the judgment of conviction, exactly what the factual basis for her plea was? That was going to be where – that was where I was heading. Isn't that the answer to my question? That's right, Your Honor. All right. Let's move on. Here's my next question. That when you get – so then we move – you would then have us move, or analytically speaking, we would then evaluate whether or not she satisfied the Lozada requirements or whether the board was too rigid in its application of Lozada requirements in this particular case. The board was unreasonable in requiring specifically an affidavit from counsel. There's no legal statutory regulatory requirement that counsel provide an affidavit. Well, we've said that the board has, you know, reasonably okay – you know, we've said that these requirements are okay. We've also said they shouldn't be rigidly applied. But there's clear indication that counsel was contacted, and that's all that matters. Well, he was contacted six weeks before the motion to file – before the motion to reopen was filed. Yes, about a month. It's hard to recall. All I know is I was hired about six weeks. Finding counsel is very difficult. He's not hanging his shingle before the public. He works for the Department of Homeland Security within several offices, and I had to track him down. But it is obvious from the record that he was contacted. More importantly, the state bar procedure in Texas would have him contacted regardless of their holding, and the board and this court can take judicial notice of that. So whether it – whether the court – excuse me, whether the board is satisfied as to whether or not I provided an affidavit is immaterial. I do – we would propose that they do know that he was contacted, and they're exercising their deference as an abuse of discretion. We've recognized a couple of exceptions to the Lozada requirements. One is where the error is sort of manifested on the record here. As is the case here. Well, it could be a – could be strategic decisions why he decided not to challenge the removability – the grounds for removability, right? Why – I can't – we would suggest that there could be no strategic benefit to pursuing withholding a removal 12 years after leaving your country of origin, when instead, should you not be an aggravated felon, the proceedings could be terminated. This is a woman who's been detained post-administrative order for two years, and she's alleging today in court that she is not removable as charged. That would have – it would have been a much more effective strategy for prior counsel to put this argument up front, maintain it, and sustain it on appeal, or at least endeavor it. So no reasonable counsel? In this case, absolutely not. Furthermore – Would have – would have pursued this – this approach before you reacted. In this case, absolutely not. If you have a choice of terminating proceedings rather than continue to pay an attorney or risk removal pursuant to proceedings, the choice is clear to terminate proceedings. Furthermore, the court will take note that in the board's initial dismissal of petitioner's appeal, Chairperson Schmidt notes, the only issue in review here, under review here, is the application for withholding of removal. Why would he use the word the only against the universe of all possible frivolous claims? Obviously, he saw something was left out. All right. Let me – I have one last sort of area of inquiry, and that is – Okay. Thank you. Even assuming you get over the Lozada requirements, you still would have to show that it's reasonably – that she has some prejudice, that there's reasonable probability the outcome would have been different. You're right. And that gets us to the moral turpitude. I see. It's still divisible there. Both the – both the – both the indictment and the statute points to prospective negligence with – contained within the indictment, contained within the statute. Negligence does not involve moral turpitude. Moral turpitude is more intentional or reckless conduct. Have we applied a categorical approach to the concept of moral turpitude? Yes, Your Honor. You have. Which case? I'm thinking the board's case, matter of short, matter of expandiary. Subsequently, has the Ninth Circuit applied that principle? Aggravated felony, yes. I can – I can – I can send the court a case. Yes. Yes. Yes. And you have, and it was a 94 decision, finding Guerrero de Nodal v. INS, finding that intentional infliction, intentional assault on a child did involve moral turpitude. But that case is greatly distinguished from this one. If you look at the indictment, the indictment contained nothing but words of specific intent. And the subsequent harm that flowed from the criminal activities indicated that the activity's very nature was one to provide – was one to cause the child a traumatic condition, which has not been found in this case. Well, I gather we don't have to answer that question definitively. All we have on a motion to reopen on the basis of ineffective assistance of counsel for purposes of evaluating the prejudice prong, all you have to show is that there's a reasonable probability or a reason – it's reasonably plausible that the outcome might have been different. In other words, the board should answer that question in the first instance. We only wish the board would have addressed the issue long ago. No. If it would agree with you ultimately, I guess the remedy would be to remand this whole thing back to the board so they can address the question of prejudice. Correct. Unless the court finds that the board's failure to address the issue at the onset, knowing that the Respondent has – or the Petitioner has been – was absolutely unwarranted. Okay. Counsel, I'm puzzled by your position that the jurisdictional argument begins this analysis. And normally it would, of course, but here what's before us is the question of whether the board abused its discretion in declining to reopen the case under Lozada. So don't – the board didn't reach any of these other issues, right? I understand your point in responding to your brethren. Let me finish. Here. So in order to do that, we have to go much, much deeper than the administrative record before us in order to conjure up a jurisdictional reason. I understand the underlying jurisdictional problem, but that's not in front of us, is it, directly? Isn't what's in front of us just simply whether or not – as to that issue, the motion to reopen, whether or not the board abused its discretion under matter of Lozada. At first glance. Okay. Thank you. Okay. So we don't have to definitively resolve at the outset whether or not we have jurisdiction. I think that the government would argue persuasively that you do. I have a lot of questions for them, too. So we'll hear whenever we get to them. We've taken time. Do you have any questions? No. Okay. Why don't you save the remainder of your time for rebuttal, and we'll hear from the government. Thank you. Good afternoon. May it please the Court. Jamie Dowd on behalf of the Respondent Attorney General. I want to try to maybe clear up a little confusion about the – I mean, I think that we argued in our brief the order that the Court should consider the issues here would be, one, to consider the motion to reopen, whether or not the board abused its discretion. If the board – if the Court finds that the board did abuse its discretion, then the case should be remanded for the board to decide in the first instance the removability grounds, because the board never got to consider those issues. However, we also argued that in determining the abuse of discretion issue, the Court may also want to determine the aggravated felony issue because the issues are intertwined in the ineffective assistance of counsel plan. Right. I took your argument to mean that we might reach that issue by way of prejudice analysis, not that we didn't have jurisdiction to consider the motion to reopen on the merits in the first instance. Right? That's correct, Your Honor. Because of the prejudice – because if the Court were to find that she were an aggravated felon, then clearly there would be no prejudice because the challenge to the removability grounds would have been unnecessary. But it's your position that we shouldn't answer that question definitively, or is it? Well, I mean, it's our position that the motion to reopen should be the first consideration. The first question should be, did the board abuse its discretion? If the Court were to find that the board did abuse its discretion, then we would argue the proper remedy to be a remand for the board to decide removability. However, the Court may determine that in determining whether or not the board abused its discretion, it has to address the jurisdictional issue. Well, it has to address through the prejudice prong of ineffective assistance of counsel. Correct. But the Court could decide merely on the matter of whether or not the petitioner complied with Lozada, whether or not the board abused its discretion. And it's a question of prejudice and ineffective assistance of counsel to the board, right? Right. Because the Court wouldn't necessarily need to decide prejudice if it were to decide that, for instance, the petitioner did comply with Lozada. Okay.  So let's take the first issue, Lozada. What's wrong with this? This is about the most hyper-technical application of Lozada I've seen, and I must confess to you, I'm not a fan of Lozada. But why shouldn't we say under these facts that there's substantial compliance with Lozada? Well, it's clear that there was no indication that former counsel was notified of the charges against him. And the Court has held that, in the Reyes case, that the former counsel should be notified of the charges and given the chance to respond. And specifically in that case, the Court found that merely CC-ing former counsel's name at the bottom of the complaint was not enough to show that former counsel was notified. In this case, there wasn't even that much of a showing that former counsel was notified. There was no documentation on the complaint that former counsel was served, whether by carbon copy or otherwise. The misnized counsel did not state in the motion ---- I think that's an absolute requirement. I mean, is it your view that if there's absolutely no showing of contact, that is inexcusable regardless of the circumstances? Well, I mean, the Board has stated that that is a requirement. I know the Board has stated, but now we're applying that and determining whether Lozada is reasonable or not. Well, and the Court, this Court has noted in Reyes the importance of providing former counsel with notice and opportunity to respond. So it's the government's position that even though the Board has said that's a requirement, this Court has also interpreted that that's a very important requirement, not just kind of something to pay lip service to, but it's important that former counsel have an opportunity to respond. And ---- You know, we've got some authority. Our general authority says, well, we're going to ---- we think the matter of Lozada requirements are generally reasonable, but we're going to look at it to see whether or not the spirit has been complied with or something to that effect. That's kind of the general. Why ---- I've never understood Lozada. I must ---- it will help me if you can explain the point of Lozada and why it's reasonable. Let me just give you my take on it, and then you can respond. We have in criminal habeas every day thousands and thousands of cases alleging ineffective assistance of counsel where we don't have anything like Lozada. You don't have to turn somebody into the State Bar. You don't have to notify prior counsel. And we take them on the merits and decide them on the merits. The problem with notifying the State Bars is that there's a big difference between malpractice and an ethical violation, so most of the State Bars reject the Lozada submissions as frivolous. So we're asking, the Board's asking, and we've asked people to file what some states consider frivolous bar complaints against attorneys to show that they're serious about their ineffective assistance of counsel claim. So now we force people to file frivolous complaints. That generates more problems. Counsel is notified. And at the end of the day, I don't think I've ever seen a hearing by the Board. The Board says, well, we're saving ourselves a lot of hearing by Lozada. Prior counsel can come forward. I've never seen a record, at least to this day, where any of that has happened. So I don't understand, and it's applied to this case, why the substantive requirements of Lozada would make any difference at all in the substantive consideration of this ineffective assistance of counsel claim. So I apologize for my diatribe. You didn't write Lozada, but I thank you for indulging me so you could give a full response. Absolutely. And I'm not sure that I will be able to give you the response that you might be seeking. However, what I would say is that, number one, I think the Lozada requirements serve to prevent petitioners from merely filing motions to reopen or other such motions with the Board, willy-nilly alleging that counsel didn't do this or didn't do that, and therefore prolonging their immigration proceedings, because there needs to be finality to the proceedings. Yes, the same truth is true in criminal habeas. Well, that's true. But what I would say here is that, as the courts, I think, almost unanimously have stated that it's reasonable that an alien who is alleging ineffective assistance would be able to, one, show the agreement, hey, look, my counsel was supposed to do this and didn't do it. Two, was able to show that counsel was notified that the alien thought they had some sort of agreement and then that it was breached. And three, Lozada also states that either a complaint could be filed with the proper authorities or the alien could explain why such a complaint was not filed. So it's not an absolute that a complaint has to be filed. If an alien can explain reasons why such a complaint wasn't filed, then that requirement could also be excused. So under these circumstances, when a complaint was filed, and I'm taking what counsel says is true because I think it's certainly true in most states, that when a complaint is filed, the lawyer is notified of the complaint. Why isn't that enough to satisfy the requirement of counsel notification under the facts of this case? Well, I did see an opposing counsel submitted a 28-J letter with a Texas bar, I think, that any complaint filed, they do notify opposing counsel of that. However, I'm not sure that that's determinative of the requirement of Lozada that former counsel be notified. Because you also have the additional requirement that former counsel be given a chance to respond. And I believe that notifying former counsel that a complaint is going to be filed would allow former counsel to respond, notwithstanding the fact that he may be notified by whatever disciplinary authority. But I have seen many cases where the Lozada requirements were complied with and where the board acknowledged that and went on to analyze a claim based on the merits of the claim, as opposed to just the requirements being. So I don't think they just pay lip service to these requirements and throw cases out on technicalities all the time. Well, no, we do see a lot of them up here. We see a lot of cases where, for one reason or another, if the technical requirements were not adhered to strictly, the board just shoves them off. And to me, it seems as though, I hate to say this, but it's a lot of make-work requirement that really doesn't have a lot of substantive, doesn't add a lot of substantive weight to the case when the cases could be easily resolved on the merits. Now, there are cases, exactly as you described, where counsel's input is important, if there's a disagreement about what to do. But there are other cases that we see, and this may or may not be one of them, where the malpractice is palpable. It's obvious on the face, didn't file, you know, missed the date for filing an appeal. That can be analyzed without any of these other predicate matters. So I always find Lozada cases difficult and puzzling. Now, here we have a case where at least you have, you've got two-thirds of the way. You've got a bar notification. You may not have notification of counsel. How is the service prejudiced in this case, or the government prejudiced, by the failure to notify counsel? Well, I'm not sure that the government would have to make a showing of prejudice by failure to notify. I mean, my reading is that that's one of the Lozada requirements. If it's not met, then the board is entitled under its own case law. And under this court's case law, to reject an effective assistance of counsel claim, notwithstanding whether or not the government was prejudiced by failure to file agreements. But I would refer to what opposing counsel was talking about with regard to the reasonability of the approach of whether or not to challenge the removability, et cetera. I mean, those are things that could be aired in knowing what the agreement between the parties was, giving former counsel a chance to respond to whatever the grievance is. Those are all issues that could be aired in that process. So I think that that shows that the process is important, because then you might not get to questions of us standing before you trying to analyze whether or not former counsel was reasonable in pursuing one avenue over another. What is the strategic advantage of giving up that claim? I'm not contesting removability at that stage. Well, I mean, without speculating too far, I think it's possible that perhaps former counsel thought that the finding was proper. I mean, under the cases that I've found and under the law as I've analyzed it, which I can discuss in a minute with regard to the aggravated felony issue, but it seems clear that the conviction under the Nevada statute does qualify as an aggravated felony, and it's possible that former counsel saw that, number one, and, number two, thought that the withholding and removal claim had enough merit that relief could be received before the board on appeal and, therefore, just appealed the withholding and removal claim. So without speculating too far into what former counsel might have been thinking, it's possible that if he thought that withholding and removal claim was meritorious enough on its own, that he thought that might be enough to pursue before the board, notwithstanding the removability charges. I've taken up about 12 minutes of your time, and I know you have other issues to discuss. I would like to address the aggravated felony issue because I know the court was interested and was asking questions, and as Judge Pius pointed out, it is a modified categorical approach, and there are documents in the record that clearly indicate that this is a crime of violence. Count 1 of the complaint states that Mrs. Nye did willfully cause her stepson to suffer unjustifiable pain by kicking and pulling on him and holding a knife to his throat. Now, I find it hard to figure out how this does not qualify under ---- Well, there's another part to that statute, isn't there? There are other allegations in that complaint, aren't there? You didn't read it all. Well, the statute actually states willfully causes a child who is less than 18 years of age to suffer unjustifiable physical pain or mental suffering as a result of abuse or neglect or to be placed in a situation where the child may suffer physical pain or mental suffering. It contemplates negligence. Well, partially, Your Honor, which I think ---- It does, doesn't it? That's why it's not categorical. Correct, correct. It partially does, but I think looking at the documents here ---- So we don't know. We don't know. What was the factual basis for her plea? Well, clearly from count one we see that she kicked, pulled ---- How do we know that? Because count one says it explicitly. How do we know that she pled to the exact allegations in the complaint? The judgment clearly indicates that she pled guilty to count one. Well, there's both allegations in count one that would qualify as negligent conduct and allegations that include, you know, more serious. Well, I would also point the Court to the pre-sentencing report, which I know under this Court ---- And consider it. Well, under this Court's case law it can't be relied solely on to establish the conviction was for an aggravated felony, but for supplemental purposes I think it's important to note that the pre-sentence report clearly states that she kicked her son, she told him to leave the house, she grabbed a double-pointed knife. We don't know that that was the factual basis for her plea, though. Well, the factual basis ---- Have you ever been to a plea proceeding before? No, Your Honor, I haven't. One of the things you have to ask the defendant is what is the factual basis upon which you're pleading? Why are you pleading guilty to this? What did you do? Correct. I understand that. What's the factual basis for this plea?  We should assume from this that she pled because of all these things that you pointed to. I don't have the complaint in front of me, but ---- Well, I don't know that assumption is necessary. I mean, she pled guilty to all of the language contained in count one, which ---- and thus she admitted to knowingly kicking and pulling her stepson and holding a knife to his throat, which is the record at 339-340. So, I mean, as far as the government is concerned, there's no question that she pled guilty to acts which contain element that used attempted use or threatened use of physical force against the person or property of another. I mean, she pled guilty to knowingly kicking and pulling her stepson and holding a knife to his throat. So it's hard for me to, I guess, find where ---- The judgment says as alleged in count one. Well, we said that's sufficient. Sufficient to? To show that she pled to the exact allegations in the information or the complaint or whatever it is. Okay. So I'm not sure I understand. Well, here, the judgment here doesn't say that she pled guilty to count one as alleged. It simply says she pled guilty to count one. The crimes of count one. Or the crimes of count one, whatever. The crimes of ---- Yeah, that's the problem. You know, and I understand your frustration in many ---- This applies in the criminal context, and many people are frustrated, too. But that's the Supreme Court delta set. And Taylor is saying we don't want collateral litigation, collateral hearings on what happened years ago. And, therefore, we've set a pretty high standard for proof in those cases. And even in those cases where you look at it and you can say, well, it's fairly obvious what happened here. But even in those cases where we say it's quite likely, we've said, no, you've got to ---- The defendant has to admit this, and the admission has to be unequivocal and so forth. So given that high standard, it's difficult for me to see how you satisfy it here, even though on the face of the complaint, if true, would say that it qualifies unequivocally. Well, I guess I would just point to kind of the purpose of adopting a modified categorical approach as opposed to just looking at the statute and seeing what kind of activities it covers, but actually looking to these documents, which, you know, I understand the Court's frustration. However, you know, when ---- Yeah, you can't look at the pre-sentence report because it's hearsay. So you have to say what did they plead to, what does the plea agreement say, and no. So what, given those, I know that ties your hands quite a bit, but given all of those restrictions, what's your best case for arguing that this meets the modified categorical approach? Well, I would answer that in two ways. Number one, looking at the clear language, as I've stated before, of count one. Number two, also looking at the fact that the Nevada statute is broken down into two different sections. And section B, which states, is responsible for and permits or allows a child to suffer unjustifiable physical pain. She was not convicted under section B. She was convicted under section A. It's clear that section B is a permissive statute. It's not, however, clear that section A is. And so I think the fact that she was actually convicted under the first section of the statute ---- I'm not positive that, Your Honor. But I believe that somewhere in the conviction documents it does actually state A as opposed to B. Okay. I'll check. I would also state, in terms of what opposing counsel was arguing with regard to the harm that suffered by the child,  that's also not determinative of whether the offense qualifies as a crime of violence. For evaluating whether the conviction qualifies as a crime of violence, it doesn't matter whether the harm was substantial. Under this Nevada statute, a two-year sentence could have been handed out for a conviction where substantial harm resulted to the victim. And that wasn't the case here. She received what was equivalent to a one-year sentence. But crime of violence does not require anything substantial harm or anything like that. It just requires physical force to be used, attempted, or threatened. And it's clear from ---- Even a misdemeanor can constitute a crime of violence. Correct, Your Honor. A gross misdemeanor, which is what this was under state law, can count as an aggravated felony. But, I mean, it's clear that Section A, the section under which she was convicted, states, or contains the language, willfully calls to suffer unjustifiable pain. And then if you go on, it specifically describes her actions of kicking, pulling, and holding a knife to his throat. Well, it says the unfortunate thing, I think, is that it says, by permitting the child to be placed in a situation where he suffered unjustifiable physical pain. In other words, you know, she didn't admit to causing it. Well, I would agree that it does contain that language, placed in a situation. However, I guess in ---- The problem with drafting in the passive voice. Well, I guess in responding to your previous question, what was my best argument, the fact that count one contains specific language as to the actions that she took to willfully cause the harm. Actually, I think Judge Thomas' original question was, what's your best case that would support your position that these documents satisfy the modified categorical approach? And I apologize. I don't have a specific case other than the general case decided in our brief with regard to the modified categorical approach. But I don't have a case with regard to these specific facts. I don't think that there's one specifically on point as to the language of the count, what the language of the count has to indicate. Yeah. Any further questions? No, thank you. Thank you for your argument. Very good. Thank you very much. In conclusion, if it would please the Court. We share the Court's concern over Lozada. There is a big difference between ethical violations and professional error. Well, notwithstanding my reservations, we've said it's okay. Yeah. But we would assert that it's the executive protecting itself and promoting. They confuse the word collusion with collegiality. And while collusion is to be avoided, they're basically making a big, preventing attorneys from cooperating with each other. I have turned myself in to the State Bar of Nevada three times because the board told me to do it to save my client, each time successful, but it just seems a terrible waste of time. The State Bars are just sick of these, right? They're going after fraud. They're going after attorney evil. They're not going after attorney error. To be fair, there are circumstances where you can blow a statute that might rise the level of discipline. But what State Bars don't like is the wholesale requirement that you have to turn your colleagues in or get all these clearly malpracticed claims in the ethical context. We haven't shared that. Again, that's not. And I appreciate you both indulging that. Thank you. Commentary. As an additional concern, we're given 90 days to file a motion to reopen. If you're hired after, say, 45 days from the final order, there's not a lot of time. The court will notice that the bar complaint and the motion to reopen were filed the same day. So to get the response of prior counsel to the bar complaint would be virtually impossible. And once we both realized, well, I'm going off the record, if I may. Once we realized that the State Bar was going to inform him, it just seemed another waste of time to go ahead and send him everything that I, the voluminous brick that I sent to the bar. No, they already informed us. Sent it to the board, I mean. A final issue that, again, needs to be underscored is the sentence here is so telling. What type of child receives a knife to the throat without suffering substantial mental harm? Such a child simply doesn't exist. We're not looking to categorize the results of what the criminal act produced. In the matter of Sweetsu, we had a child who died in a bathtub because an individual, the mother was, I think the babysitter was off watching TV or ironing clothes or something to that effect. The results here are catastrophic. We're categorizing the nature of the act as would produce such a result. So if the Nevada state courts saw it reasonable to give petitioner a single year rather than the mandatory two for producing substantial mental and physical harm, certainly the Attorney General or at this point the Department of Homeland Security can't question that. There's no deference afforded to the Attorney General of the Department of Justice or the Department of Homeland Security in interpreting Nevada revised statutes, only the act. And with that in mind, it's rather clear that how unclear it is as to what she pled to and as to what she was convicted of. No, she did make a statement, didn't she? Excuse me? She made a written statement, right? Yes, but that's not part of the record of conviction. These are factual recitations that are not analyzed in the modified categorical approach. Well, the other thing it was, I thought in this case, though, is that I couldn't tell whether or not it's a form part of the plea documents or not, or as a substitute to the colloquy. Excuse me, Your Honor? I didn't hear. I couldn't tell on the basis of my records whether it formed basis of sort of a substituted part of the plea colloquy or not. In other words, her statement. There is a written statement attached to a pre-investigative report. There's no plea colloquy. Okay. Furthermore, if I can clarify for the Court, the indictment itself is on my opening brief at 34, and it makes no reference to either section of Nevada revised statutes, none at all. I'd like to close with one, to address one final concern, which is a powerful one. Counsel for aliens in removal proceedings will oftentimes concede charges to go after relief. The question is, what kind of relief? That's what makes it a logical decision to make. There's forms of relief available to aliens, such as cancellation of removal, or the former 212C as it survives St. Cyr, where you have a very good handle that your client is likely to win unless they say something absolutely unfounded and ridiculous to the immigration judge. The Department of Justice and Homeland Security are prone to allowing one slip-up to an alien who violates the Immigration Act. That's not the type of relief that we were looking at here. We were looking at a form of relief, withholding of removal, that requires that the petitioner show that she's more likely than not to be persecuted if she returns to the Philippines. Now, there are Filipino asylum claims, as the Court well knows, but we're referring to a petitioner who's been out of her country for 12 years, and frankly, whose initial asylum case, when she first came here, wasn't nearly as compelling as others. I mean, she's had menacing exchanges of words with the NPA. That's what it consisted of. Yes, we heard about three of those claims the other day here. And I think they were 12-year-old claims, too. So what kind of counsel is going to choose, looking at these conviction documents, to pursue that, rather than to pursue withholding of removal, rather than to insist on appeal, and all the way through all available proceedings, that she's not removable as charged? And the answer to that, a counsel who made a mistake. I, again, want to not impugn any unethical practice on prior counsel. He's a good man. I know him personally. If I go off the record. No, I think you've been wandering off the record. My apologies. Thank you. Yeah. Thank you both for your arguments. It's been very helpful. And thank you. The case is certainly to be submitted. We'll recess for the morning. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you.
judges: Thomas, Paez, Burns